**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ABDUL BASED,<br><br>　　　　　　　Petitioner,<br><br>　v.<br><br>WILLIAM P. BARR, Attorney General,<br><br>　　　　　　　Respondent. | No. 18-73442<br><br>Agency No. A064-302-014<br><br>MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted June 12, 2020<sup>**</sup>
San Francisco, California

Before:  TASHIMA and HUNSAKER, Circuit Judges, and SELNA, Senior District Judge<sup>***</sup>

---

\*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*　　The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. 34(a)(2).

\*\*\*　　The Honorable James V. Selna, Senior District Judge for the United States District Court for the Central District of California, sitting by designation.

Abdul Based ("Based"), a native and citizen of Afghanistan, petitions for review of the Board of Immigration Appeal's ("BIA") decision denying his untimely motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. *See Nasrallah v. Barr*, 2020 WL 2814299, at * 8 (U.S. June 1, 2020) ("§§ 1252 (a)(2)(C) and (D) do not preclude judicial review of a noncitizen's factual challenges to a CAT order."). We review the BIA's legal determinations *de novo*, its factual findings for substantial evidence, and its denial of a motion to reopen for abuse of discretion, *see Salim v. Lynch*, 831 F.3d 1133, 1137 (9th Cir. 2016), and we deny the petition for review.

To obtain reopening, Based must establish that the evidence he offered was material, was not available, and could not have been discovered or presented at his original hearing. *See* 8 C.F.R. § 1003.2(c)(1). A court will uphold the denial of a motion to reopen unless the decision is "arbitrary, irrational or contrary to law." *Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir. 2002) (quotation marks and citation omitted); *see also Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014).

Based contends that the BIA erred in rejecting his allegedly new evidence, which would support relief under the Convention Against Torture ("CAT"). Specifically, Based argues that the BIA did not consider an affidavit he presented from his brother, Abdul Bayes, establishing that he would be subject to torture if

returned to Afghanistan. The BIA, according to Based, erroneously concluded that this information was previously available. In particular, Based argues that the timing of his brother's statement may have been in reference to the Islamic calendar, rather than the Gregorian calendar. This is a new argument; Based did not present it to the BIA. Therefore, Based failed to exhaust it and the BIA did not abuse its discretion in failing to anticipate an argument that was not before it. *Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

In a September 20, 2018, statement, which is unsworn, Bayes indicates that "last year," he saw Based "on the site of [Special Immigrant Visa], many people from the neighborhood he use[d] to live in expressed that if they were to see him again they would harm him." Bayes thus asserted that Based would be in danger if he returned to Afghanistan. Based points to this evidence to argue that it "speaks to the fact that once his information was on the SIV," his "crime and association with the US Army would be more widely known as evidenced by threats made on [his] life to his brother by individuals living in Kabul."

The BIA did not abuse its discretion in denying Based's motion to reopen. In its November 28, 2018, decision, the BIA considered Bayes' affidavit and reasonably concluded that this evidence was available in 2017. Based failed to show that his brother's statement included material evidence that was previously

3

unavailable, and that this evidence could not have been presented during his February 22, 2018, merits hearing. *See Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008); *see also Fernandez v. Gonzales*, 439 F.3d 592, 599 (9th Cir. 2006).

Finally, Based does not contest the BIA's conclusion regarding the other three affidavits he presented, nor does Based contest the BIA's conclusion that his motion was time-barred. Thus, any arguments on these issues are waived. *Husyev v. Mukasey*, 528 F.3d 1172, 1183 (9th Cir. 2008).

Petition for review **DENIED.**